IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| NORMAN LEE SHILLINGS, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:15cv81 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Norman Lee Shillings, Jr., an inmate confined at the Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

On September 17, 2013, in the 258th District Court of Polk County, Texas, petitioner was convicted of seven counts of tampering with evidence. Petitioner sentenced to twenty-five years' imprisonment for each count with the sentences to run concurrently. Petitioner appealed his convictions to the Ninth Court of Appeals in Beaumont, Texas. The judgment of the trial court was affirmed on May 7, 2014.

Petitioner filed a state application for writ of habeas corpus on October 30, 2014. The application was denied by the Texas Court of Criminal Appeals on November 12, 2014.

Petitioner brings this petition challenging the validity of his convictions. Petitioner asserts

the following grounds for review: (1) Insufficient evidence as to crucial elements of the offense; (2)

prosecutorial misconduct; and (3) no evidence as to crucial elements of the offense.

Pursuant to 28 U.S.C. § 2241(d), a petitioner may bring his petition for writ of habeas corpus

in the district court for the district wherein such person is in custody or in the district court for the

district within which he was convicted. Section 2241(d) further provides that the district court in

the exercise of its discretion may transfer the action to the other district in the furtherance of justice.

Petitioner was convicted and sentenced in Polk County which is located in the Lufkin

Division of the Eastern District of Texas. However, the petition has been inadvertently filed in the

Beaumont Division where he is confined.

While jurisdiction is proper in the Eastern District of Texas, the court has considered the

circumstances and has determined that the interests of justice would best be served if this petition

were transferred to the division in which the petitioner was convicted.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest

of justice, a district court may transfer any civil action to any other district or division where it could

have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of

discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

Since petitioner complains of a conviction which occurred in the Lufkin Division, all records

and witnesses involving this action most likely will be located in the Lufkin Division. Thus, the

transfer of this action to such division would further justice. Therefore, it is the opinion of the

undersigned that this petition should be transferred to the United States District Court for the Eastern

District of Texas, Lufkin Division. An Order of Transfer so providing shall be entered in accordance with this Memorandum Opinion.

SIGNED this 21st day of May, 2015.

_____
Zack Hawthorn
United States Magistrate Judge